THE HONORABLE ROBERT S. LASNIK

11-CV-00232-DSGNTN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HARSCO CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>TORRY IYALL,<br><br>        Defendant. | Case No. 2:11-CV-00232-RSL<br><br>[PROPOSED] CONSENT JUDGMENT<br><br>[CLERK'S ACTION REQUIRED] |

## STIPULATION

Plaintiff Harsco Corporation ("Harsco") and Defendant Torry Iyall ("Iyall") through their respective counsel of record hereby stipulate to the Court's entry of the [Proposed] Consent Judgment set forth herein.

## BACKGROUND

1. Iyall was employed by Harsco in its Harsco Infrastructure Division from June 2004 through January 20, 2011, as a scaffolding salesperson in the Pacific Northwest. He worked primarily out of Harsco Infrastructure's Seattle, Washington, location.

2. Iyall executed the Harsco Corporation Employee Agreement Relating to Inventions, Patents, Confidential Information, and Non-Competition (the "Agreement"), which is found in the record herein as Exhibit A to the Plaintiff's Complaint (Dkt. 1, Ex. A).

[PROPOSED] CONSENT JUDGMENT - 1
(Case No. 2:11-CV-00232-RSL)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

3. Iyall resigned his employment with Harsco effective January 20, 2011 to accept a position as a scaffolding salesman for PERI Formwork Systems, Inc. USA in the Pacific Northwest.

4. On February 9, 2011, Harsco filed its Complaint in this action (Dkt. 1) along with a Motion for Preliminary Injunction (Dkt. 2; *see also* Dkts. 24-25). Iyall subsequently filed an Answer to the Complaint (Dkt. 13) and opposed the Motion for Preliminary Injunction (Dkts. 14-17).

5. Based only upon the pleadings then on file, on April 11, 2011, the Court entered an Order denying Harsco's Motion for Preliminary Injunction without prejudice (Dkt. 31).

6. The parties subsequently commenced discovery and have conferred about resolution of this action. Having reached an agreement on May 18, 2011 on mutually acceptable terms for settlement, the parties now desire to resolve all pending and potential actions between them without the expenses, uncertainties, and delays of further litigation.

7. The Court should enter permanent injunctive relief, which should include a restriction prohibiting Iyall from directly or indirectly soliciting or contacting any of the 41 Harsco customers on the list agreed to and exchanged by the parties (the "List"), prior to January 20, 2012 for the purpose of selling or providing any scaffolding products or services.

8. To assist the parties in implementing their agreed permanent injunctive relief, if enforcement of this Consent Judgment is later sought, the parties jointly request permission to file the List under seal if there are future proceedings in this action involving the interpretation or application of, or compliance with, this Consent Judgment.

NOW, THEREFORE, Harsco and Iyall jointly request the Court to enter this [Proposed] Consent Judgment:

## [PROPOSED] CONSENT JUDGMENT

For good cause shown, the Court hereby ORDERS the following:

1. **Permanent Injunctive Relief.** Based on the parties' stipulation above and the pleadings and other materials of record, the Court hereby enjoins Iyall from violating the Agreement as follows:

[PROPOSED] CONSENT JUDGMENT - 2
(Case No. 2:11-CV-00232-RSL)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

a. Prior to January 20, 2012, Iyall will not directly or indirectly solicit or otherwise contact any employee of Harsco concerning any employment or consulting engagement, or otherwise encourage any employee of Harsco to alter or terminate his or her employment relationship with Harsco.

b. Prior to January 20, 2012, Iyall will not directly or indirectly solicit or otherwise contact any supplier or vendor of Harsco with whom he interacted while employed by Harsco concerning any products or services similar to those offered by Harsco.

c. Prior to January 20, 2012, Iyall will not directly or indirectly solicit or otherwise contact any of the 41 Harsco customers on the List for the purpose of selling or providing any scaffolding products or services. The List of 41 restricted customers may be disclosed to Defendant's employer, PERI Formwork Systems, Inc. USA, but shall not be disclosed to any other person or entity, except that it may be filed with this Court under seal if there are future proceedings in this action involving the interpretation or application of, or compliance with, this Consent Judgment.

d. Items a-c above prohibit Iyall from providing any assistance or information to any individual with respect to any solicitation or contact that he would be prohibited from undertaking directly.

e. Iyall will comply with the confidentiality provision in Paragraph 3 of the Agreement and will not use or disclose any trade secrets belonging to Harsco (as defined under the Washington Uniform Trade Secrets Act). This restriction prohibits any communications between Iyall and any individual employed by PERI Formwork Systems, Inc. USA, any third-party labor provider of PERI Formwork Systems, Inc. USA, or any scaffolding customers or potential scaffolding customers, relating to Harsco's cost structures, profit margins, bidding processes or parameters, labor capabilities and strategies, customer and potential customer data, product discounts and markups, and sales and business strategies. This restriction shall no longer apply to information that is within the public domain by means other than disclosure by Defendant.

2. **Court's Continuing Jurisdiction to Adjudicate Any Disputes Regarding this Consent Judgment.** The Court hereby RETAINS JURISDICTION over the parties for the purpose of deciding any disputes or issues that may arise regarding the interpretation or application of, or compliance with, this Consent Judgment. Any such disputes or issues must be adjudicated in this Court, and only in this Court. The Court may enforce this Consent Judgment by appropriate orders, including contempt remedies, upon a properly supported motion by a party hereto. If the List is a necessary element of such a motion, the List may be filed under seal as an exhibit to an unsealed declaration authenticating it.

[PROPOSED] CONSENT JUDGMENT - 3
(Case No. 2:11-CV-00232-RSL)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

3. **Final Judgment.** Effective upon the date of its entry, this Consent Judgment shall be deemed a final judgment within the meaning of Fed. R. Civ. P. 54, and a final decision of this Court within the meaning of 28 U.S.C. § 1291. There shall be no further proceedings in this action, except as expressly permitted by law or by this Consent Judgment.

IT IS SO AGREED:

RESPECTFULLY SUBMITTED this 31st day of May, 2011.

| JACKSON LEWIS LLP | McNEES WALLACE & NURICK LLC |
|---|---|
| By: s/Karen P. Kruse<br>Karen P. Kruse, WSBA #19857<br>David H. Black, WSBA #29183<br>600 University Street, Suite 2900<br>Seattle, WA 98104<br>Telephone: (206) 405-0404<br>Facsimile: (206) 405-4450<br>E-mails:<br>krusek@jacksonlewis.com<br>blackd@jacksonlewis.com<br>Attorneys for Plaintiff, Harsco Corporation | By: s/Andrew L. Levy<br>Andrew L. Levy<br>Alan R. Boynton, Jr.<br>Telephone: (717) 232-8000<br>Facsimile: (717) 237-5300<br>E-mails:<br>alevy@mwn.com<br>aboynton@mwn.com<br>Attorneys for Plaintiff, Harsco Corporation |
| LITTLER MENDELSON | MILES & STOCKBRIDGE |
| By: s/Daniel L. Theime<br>Daniel L. Theime<br>One Union Square<br>600 University Street, Suite 3200<br>Seattle, WA 98101-3122<br>Telephone: (206) 623-3300<br>Facsimile: (206) 447-6965<br>E-Mail: dthieme@littler.com<br>Attorneys for Defendant | By: s/Robert S. Downs<br>Robert S. Downs<br>Suzzanne W. Decker<br>10 Light Street<br>Baltimore, MD 21202-1487<br>Telephone: (410) 727-6464<br>E-Mails:<br>rdowns@milesstockbridge.com<br>sdecker@milesstockbridge.com<br>Attorneys for Defendant |

[PROPOSED] CONSENT JUDGMENT - 4
(Case No. 2:11-CV-00232-RSL)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

**COURT'S ENTRY OF CONSENT JUDGMENT**

In accordance with the parties' above Stipulation, the Court hereby ORDERS entry of the Consent Judgment set forth above, as of the date enscribed below.

DATED this 3rd day of June, 2011.

_____
THE HONORABLE ROBERT S. LASNIK
United State District Court Judge

[PROPOSED] CONSENT JUDGMENT - 5
(Case No. 2:11-CV-00232-RSL)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404